E. O. HURD & Co. *vs.* MARY C. FRENCH and others.

## April Term, 1875.

DEED OF HUSBAND TO WIFE AND CHILDREN—CONSTRUCTION—LIMITATION OF ACTIONS.—A deed of a husband and father, by which, in consideration of love, he conveys to his wife and her issue by him then living, with a provision letting in "any further issue," certain realty, the title to which he warrants, and reserves the right to dispose of the property by the joint consent and signature of the wife, and, in case of her death, " as the trustee" of his children, is, in legal effect, a deed of gift to the wife and the children then living, subject to open and let in after-born children, with a limited power of sale for the purposes of the trust, and is on its face valid; and even if the deed was fraudulent in fact, or fraudulent in law by reason of the insolvency of the grantor at the time, adverse possession under it for seven years would vest the wife and children with a good title as against all persons whose right of action accrued prior to the commencement of the running of the statute.

*J. M. Dickinson,* for complainants.

*E. H. East,* for defendants.

THE CHANCELLOR :—Bill filed on the 30th of September, 1874, by complainants, as creditors of Jefferson C. French, by debt reduced to judgment in the year 1869, to set aside, as made to hinder and delay creditors, and void upon its

face, a deed of certain realty in Nashville, executed by French on the 11th of August, 1865, and acknowledged by him on the 13th of April, 1866, and duly registered. French died in April, 1874, and no person had administered on his estate at the filing of the bill.

The deed in controversy starts out thus : "Know all men by these presents, that I, Jefferson Coe French, trustee for my wife, Mary Clayton French, of, etc., for and in consideration of the love, interest, and duty I hold for them, I have hereby voluntarily conveyed, and do by these presents convey and present and transfer, to said Mary Clayton French and her issues by me now living, as follows : Susan Louise French, Katie Reid French, Ella French, and Henry Smith French, a certain piece or parcel of ground situate, etc. (describing it), the title to which the said Jefferson Coe French, trustee as aforesaid, agrees to warrant and defend forever. It is understood, and is the vital point of this gift, that Mary Clayton French, for —— and her issue by me, named heretofore, agrees, and I hereby retain the right and title to dispose of said property hereby conveyed as aforesaid, with and only her joint consent and signature ; but, in the case of her death, then said property is under my control, subject to my disposition as the trustee of my children. Moreover, and should any further issue or heirs come forward through Jefferson Coe French and said Mary Clayton French, then they are to have the same interests in this deed of gift as those now living and heretofore enumerated."

The defendants are the widow and children of said French, and have filed two pleas, by consent of complainants, as follows :

1st. That the said Jefferson C. French, being then the owner of the land in controversy in fee simple by grant and regular chain of title, on the 11th of August, 1865, by deed of that date duly proved and registered on the 13th of April, 1866, made part of the plea, conveyed the said land to himself in trust for the defendants, and they and their said

trustee, on the said 11th of August, 1865, entered upon and took possession of the same under said deed, and, by virtue thereof, have held the same peaceably, and adversely to the complainants and all the world, as their own, no suit either in law or equity having been successfully prosecuted against them for the same, whereby they have acquired a good and indefeasible title to the land, by virtue of the statute of limitations in such case made and provided.

2d. The same recitals in substance, and that defendants and their trustee had been in continuous, peaceable, and adverse possession for more than seven years before suit brought, and that complainants' cause of action did not accrue to them within seven years next preceding the commencement of their suit, whereby complainants became barred of their action by the statute in such cases provided.

These pleas have been set for hearing, by consent, and argued upon their sufficiency, the intention of the counsel on both sides being to test the real questions in issue between them, namely, the construction of this deed and the bar of the statute of limitations, in this mode.

The deed of Jefferson C. French is very inartificially drawn, and, consequently, leaves a wide margin for discussion, both as to his intention and as to the legal effect of the language used. Upon careful perusal, however, the instrument presents little difficulty. The pleadings take for granted, what probably was the fact, that the property belonged absolutely to Jefferson C. French at the date of his conveyance. The descriptive words, "trustee for my wife," with which the gift commences, are rather indicative of what the grantor intended to become than of what he then was. In other words, they evidence an intention on the part of the grantor to become, under the conveyance, trustee for his wife, and do not show that the wife had any previous interest. The plea is based upon this idea, and treats the conveyance as if it were by the grantor to himself, in trust for his wife and children. But the conveyance is direct to the wife and children by name, with a subsequent

provision for after-born children, if any. "I have hereby voluntarily conveyed, and do by these presents convey and present and transfer, to said Mary Clayton French and her issues by me now living, as follows," naming the children. And the grantor agrees to warrant the title thus conveyed. If the instrument had stopped here, with only the addition touching after-born children, it is clear that the title would have vested in the wife and her living children, subject to open and let in after-born children. *Wild's Case*, 6 Co. 16; Co. Lit. 9, *a; Haywood* v. *Moore*, 2 Humph. 584. This is conceded by the able argument submitted by the complainants' counsel, words of inheritance being dispensed with by the statute (Code, § 2006), and the grantor's intent thus far being clear to convey all his estate.

It is earnestly insisted, however, that the succeeding clause of the deed neutralizes the previous provision, and retains in the grantor a controlling interest. That clause is in these words : "It is understood, and is the vital point of this gift, that Mary Clayton French, for —— and her issue by me, named heretofore, agrees, and I hereby retain the right and title to dispose of said property hereby conveyed as aforesaid, with and only her joint consent and signature ; but, in the case of her death, then said property is under my control, subject to my disposition as the trustee of my children."

If we leave out of consideration, for the moment, the unusual phrase, "and is the vital point of the gift," upon which great stress has been laid in the argument, the entire provision amounts only to this—that the grantor retains the right, during the life of his wife, to dispose of the property by and with the consent of the wife, she joining in the deed with him, and, after her death, to dispose of the property himself, as the trustee of his children. In other words, there is a reservation of a power of sale by the grantor and wife during the life of the wife, and by the grantor alone after her death, so as to obviate a resort to the courts for

23

the purpose, as would be necessary in the absence of these provisions. Of course such a reservation is unexceptionable if the intention be that the proceeds shall be reinvested upon the same uses and trusts. The argument for the complainants is that the reservation was not for the purpose of reinvestment, but for the grantor's own purposes, without reference to the rights of his wife and children ; and it is in this connection that the unusual phrase, " and is the vital point of this gift," is dwelt upon as evidencing an improper design on the part of the grantor. But the fact that the sale during the wife's life can only be made with her consent and signature, and for herself and her issue, clearly shows that the disposition was to be for the benefit of the wife and children ; and the fact that the sale after the wife's death is to be made " as the trustee of my children," is still more conclusive that the disposition provided for was in accordance with the gift and for the benefit of the grantees. The unusual words commented on are, manifestly, only a strong mode of expressing the grantor's intent that the gift should be coupled with the power to change the form in which the trust property was to be held, and not, either obviously or by fair implication, evidence of an intent on the part of the grantor to reserve a power of disposition incompatible with the gift itself. The whole instrument is loosely worded, but the intent is clear.

· The deed of the 11th of August, 1865, is, in legal effect, a deed of gift by the grantor to his wife and children, with a reservation of a limited power of sale by the grantor, as trustee for his wife and children, for the purposes of the trust. In this view it is entirely unexceptionable, and, beyond all question, good upon its face. And it is immaterial, so far as this point is concerned, whether the title in fee passed to the wife and children, with only a power of sale reserved in the grantor, or whether the legal estate remained in the grantor for the beneficiaries, with like power of sale. Upon either construction the deed is valid

on its. face, and the death of the grantor, without ever having exercised the power reserved, renders any consideration of the precise legal effect of the language unnecessary.

The bill charges, however, that Jefferson C. French was, at the date of the execution of the deed, indebted to insolvency, and that it was made to hinder and delay creditors. The pleas undertake to say that, even if this be so, the possession of the property under the deed, peaceable and adverse, for more than seven years before suit brought, and more than seven years after the complainants' right of action accrued, vested the defendants with an indefeasible title in fee, under § 2763 of the Code, and barred the complainants' right of action, under § 2765.

The complainants urge, as to the first of these pleas, that the possession cannot protect under the statute unless it be held under a deed purporting to convey an estate in fee, and that the possession, being claimed under the grantor, cannot be adverse. If I am right, however, in my construction of the deed, then the possession was under a deed conveying an estate in fee. And the result would be the same if the instrument were held to be a mere declaration of a trust, the law, according to the intent apparent in the instrument, so moulding the uses that all shall be converted into legal estates according to the intent. *Barry* v. *Shelby*, 4 Hayw. 229 ; *Smith* v. *Thompson*, 2 Swan, 382 ; *Poor* v. *Considine*, 6 Wall. 471. And it is settled law that, if there be an actual, mixed, and concurrent possession, the legal seizin or possession shall be adjudged to the person who has the estate, even in the case of father and children. *Fancher* v. *DeMontegre*, 1 Head, 40 ; *Stewart* v. *Harris,* 9 Humph. 716 ; *Knight* v. *Jordan*, 6 Humph. 101.

In this view, the only question remaining in considering the sufficiency of the pleas is whether the fact that the deed of gift was fraudulent and void would prevent the operation of the statute of limitations. This question I had occasion to consider, at a former term, in the case of *Mulloy* v. *Paul*, 2 Tenn. Ch. 156, and, after a review of the decisions, and of

the principles on which they were made to rest, I came to the conclusion that it would not. Upon a reconsideration of the point, I see no reason to change the conclusion to which I then came.

The pleas, if true in point of fact, are, therefore, a complete protection to the defendants, and a bar to the relief sought.

The second plea asserts that the complainants' right of action did not accrue within seven years next preceding the commencement of the suit. The exhibit to the bill, the bill itself containing no averment on the subject, would indicate that the complainants' claim originated in 1869. If so, the plea could not be sustained in fact. Nor, perhaps, could the first plea; for the possession might not be adverse as to the complainants, under the Code, § 4293, until the debt was created. It would, in this view, be improper for the rights of the infant to be rested upon a defence which concedes that the original deed of gift was fraudulent in fact or in law. Under this provision of the Code, the defendants, while fully protected from suit by any person claiming under the grantor by contract, and vested by the statute with the fee by lapse of time, as against the grantor and such claimants, may still be liable to be proceeded against by a creditor of the grantor whose right of action has accrued within the time of statutory bar. This point was not considered nor decided in *Mulloy* v. *Paul*, and is not raised by the pleas in this case.